Johnson, J.
I concur in the reversal of the decision in the court below, but on different grounds from those which influence the opinion of my brethren. I had occasion, in the case of The Sarah, to express my ideas on most of the points arising in this case, and to that opinion I refer, for the reasons of my present conclusions.
To me, it appears immaterial, whether the capture was made in exercise of municipal or belligerent rights, or whether within the jurisdictional limits of France, where she is supreme, or beyond those limits, and upon the high seas, where her authority is concurrent with that of every other nation. We find the property in possession of the captor, under authority derived from his sovereign, whose conduct cannot be submitted to our jurisdiction. The modern practice of nations sanctions the condemnation of vessels lying in a foreign port, and that practice is not inconsistent with principle.
The plaintiff below has lost all remedy at law, and must look elsewhere for redress, if he has sustained an injury.
Judgment reversed.
Note. — The cases of Palmer and Higgins v. Dutilh, and Hargous v. The Brig Ceres, being imperfectly stated, it not being ascertained whether the seizure was within or without the territorial jurisdiction of St. Domingo, were remanded for further proceedings.